

FILED
Apr 10 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ mariar  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>EVERADO PEREZ-CORNEJO,<br><br>           Defendant. | Case No.:  20MJ888-MSB<br><br>**ORDER GRANTING CONTESTED JOINT MOTION FOR RECONSIDERATOIN OF DETENTION ORDER** |

  On April 09, 2020, the United States (hereinafter "the Government") and Defendant Everado Perez-Cornejo (hereinafter "Defendant") filed a Contested Joint Motion with regard to reconsidering Defendant's Detention Order [ECF No. 7.]

<u>Background</u>

  After a hearing on February 27, 2020, the Court granted the Government's motion to detain Defendant. The Court found by a preponderance of the evidence that Defendant presented a serious risk of flight. Based on this finding, the Court determined that no condition or combination of conditions of release would reasonably assure Defendant's appearance in court as required. The Court found that the following factors

supported an order of detention: the weight of the evidence (although the least important factor), prior criminal history including a conviction for a drug offense, lack of ties to the community, lack of a residence to stay, and lack of prospective sureties.

Defendant now seeks reconsideration of the Court's Order of Detention and requests that the Court set release conditions of either release on Defendant's own recognizance or a $10,000 personal appearance bond secured by the signature of one financially responsible adult. Defendant's motion seeks relief pursuant to 18 U.S.C. § 3142(f).

## Defendant's Position

Defendant indicates that he is 65 years old and suffers chronic knee issues from doing ranch work his whole life. Defendant indicates he has lived in the United States since around 1972, when he was 18 years old. He has been married for 40 years to his wife, who is a legal permanent resident (LPR). His five United States citizen children all reside in Redwood City, California. Further, Defendant asserts that the COVID-19 pandemic and the risk it poses for someone Defendant's age constitute a change in circumstances that the Court should consider in granting bond.

## Government's Position

The Government maintains that Defendant is a serious flight risk, as initially found at the Detention Hearing. The Government indicates that bond is inappropriate because Defendant offers no evidence, much less a preponderance of the evidence, that he is not likely to flee. The Government asserts that none of the § 3142(g) factors have changed since the initial finding of detention. The Government further argues that Defendant's motion as to the health risks he faces from potential COVID-19 transmission in custody does not constitute adequate grounds to set bond.

///
///

2
20mj888-MSB

### Pretrial Service Officer's Position

Input from the Pretrial Services Officer was either not sought or not put in the jointly filed motion.

### Analysis

18 U.S.C. § 3142(f) provides that the detention hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3145(c) provides that a defendant may appeal an order of detention and bond be set if it is clearly shown that there are exceptional reasons why said individual's detention would not be appropriate.

Although the Court is mindful of the serious risks any person faces due to the COVID-19 pandemic, said reason in and of itself is not sufficient to modify the balance of factors prescribed by Congress in determining whether he is properly subject to pretrial detention. See United States v. Villegas, No. 2:19-cr-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks.")

With respect to reconsidering the Court's Order of Detention, the Court disagrees with the Government that Defendant has failed to present any new information to support an order of pretrial release. The Court's Order of Detention was entered without prejudice based on the limited information available on the date of Defendant's initial appearance. It is no surprise that since then, Defendant's counsel has been able to obtain additional information regarding potential sureties and Defendant's access to stable

housing.

In this case, Defendant proffers the following "new evidence" to challenge the Court's factual findings in the initial Order of Detention: Defendant's eldest son, a United States citizen, makes approximately $43,000 a year working as an independent contractor in dry wall construction and is willing to serve as a surety as are Defendant's three adult daughters. Defendant's daughters have also indicated that they would allow Defendant to live with them.

The Court finds that based on this new information, conditions of release can be set that will reasonably assure Defendant's appearance as required. The Court will enter a separate Pretrial Release Order setting forth the specific conditions of release.

As such, the Court **GRANTS** Defendant's request for reconsideration of its Order of Detention.

**IT IS SO ORDERED.**

Dated: April 10, 2020

MICHAEL S. BERG
U.S. Magistrate Judge